IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD RANCHER,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   Civ. No.: 2:20-cv-01983-ACA |
| | ] |
| **HUBBELL POWER SYSTEMS, et. al,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

Plaintiff Edward Rancher filed this employment discrimination action against Hubbell Power Systems ("Hubbell"), Jacoby Toodle, Tom Quinn, Jennifer Jones, John Barnard, Kiara Sanders, and "two temps" whose name he does not know. (Doc. 1 at 1–3). He alleges that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). (*Id.* at 3). Specifically, he asserts that Hubbell failed to promote him, eventually promoted him, demoted him, and ultimately terminated him based on race, color, sex, and age discrimination. (*Id.* at 4, 11, 17). Because Mr. Rancher is indigent, the court granted his motion to proceed *in forma pauperis*. And because he is proceeding *in forma pauperis*, the court must screen his complaint for whether it states a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Mr. Rancher does not state a claim against the

individual defendants, the court **WILL DISMISS** Jacoby Toodle, Tom Quinn, Jennifer Jones, John Barnard, Kiara Sanders, and the "two temps" from this action.

When a plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the court to dismiss the case "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must dismiss the case if the plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted).

"The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). The same is true of the ADEA. *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (holding that individuals "cannot be

held liable under the ADEA or Title VII"). Accordingly, the individual defendants cannot be liable for any violations of Title VII or the ADEA, which are the only causes of actions Mr. Rancher asserts. The court therefore **WILL DISMISS** Defendants Jacoby Toodle, Tom Quinn, Jennifer Jones, John Barnard, Kiara Sanders, and the "two temps" **WITH PREJUDICE**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 27, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE