# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD RANCHER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Civ. No.: 2:20-cv-01983-ACA** |
| | ] | |
| **HUBBELL POWER SYSTEMS, et. al,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Edward Rancher filed this employment discrimination action against Hubbell Power Systems ("Hubbell"), alleging that Hubbell violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), by failing to promote him, demoting him, and ultimately terminating him based on race, color, sex, and age discrimination, as well as in retaliation for grievances he filed. (Doc. 1 at 1–4, 11, 17).  The court has already dismissed the other defendants named in the complaint.  (Doc. 29).  Hubbell now moves, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Mr. Rancher's color and sex discrimination claims for failure to administratively exhaust them and to dismiss his race discrimination, age discrimination, and retaliation claims for failure to state a claim.  (Doc. 31).

The court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss. The court **DENIES** the motion to dismiss Mr. Rancher's color and sex discrimination claims because Mr. Rancher administratively exhausted his color and sex discrimination claims by filing an Equal Employment Opportunity Commission ("EEOC") charge alleging facts that are "like or related to" the claims he asserts in his judicial complaint, and Hubbell makes no other argument in support of dismissing those claims. Likewise, although Hubbell purports to move for dismissal of Mr. Rancher's retaliation claims, it offers no argument with respect to those claims, so the court also **DENIES** the motion to dismiss those claims. Finally, the court **DENIES** the motion to dismiss Mr. Rancher's age discrimination claim relating to the failure to promote him because Mr. Rancher alleges facts that support an inference of age discrimination.

However, the court **GRANTS** Hubbell's motion and **DISMISSES** Mr. Rancher's claims of (1) race discrimination relating to the failure to promote him, and (2) race and age discrimination relating to his demotion and his termination **WITHOUT PREJUDICE** because he has not alleged any facts indicating that those employment decisions were motivated by Mr. Rancher's race or age.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v.*

*Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  Mr. Rancher also attached to his complaint a copy of his EEOC charge and letters that he submitted in connection with the EEOC charge.  (Doc. 1 at 8–18).  Because exhibits attached to a complaint are considered a part of the pleading, the court will also describe the facts set out in the exhibits.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

Mr. Rancher, an African American man, began working for Hubbell in 2011 as a forklift driver.  (Doc. 1 at 15).  In 2020, he applied for a promotion to "Lead Person," but a younger African American woman named Kiara, who had less experience than him, received the position.  (*Id.* at 5, 11, 15).  He filed a grievance and, in May 2020, was awarded the promotion.  (*Id.*).  He received two weeks of training but after that period, when he asked a white supervisor for help, the supervisor "did nothing but try to sabotage [him]."  (*Id.* at 15).  That supervisor also cursed at Mr. Rancher.  (*Id.* at 5, 15).  In July 2020, the supervisor and other Hubbell employees accused Mr. Rancher of not doing his job and demoted him to his position as a forklift driver.  (*Id.* at 5, 15, 17).  Mr. Rancher filed another grievance because of the demotion.  (*Id.* at 17).

Later that month, two temp workers were having a conversation "about a side chick" and Mr. Rancher told them that he "was married and [had] 2 kids, and did not have a side chick."  (Doc. 1 at 17).  Shortly after that conversation, Hubbell suspended him for three days without explaining why.  (*Id.* at 5, 17).  In August 2020, Hubbell terminated him for sexual harassment.  (*Id.* at 17).  Hubbell never provided any written information about the false accusation of sexual harassment. (*Id.* at 5).

In September 2020, Mr. Rancher filed an EEOC charge, alleging race discrimination and retaliation based on the failure to promote him, the demotion, and the termination.  (Doc. 1 at 15–17).  In the same month, the EEOC issued a notice of right to sue.  (*Id.* at 13).  In December 2020, Mr. Rancher sent the EEOC two letters seeking to amend his EEOC charge to add an allegation of age discrimination. (*Id.* at 8–9, 11–12).  One of the letters indicates that on December 10, 2020, Mr. Rancher filed a new EEOC charge alleging age discrimination (*id.* at 11), but he did not attach that charge to his complaint, which he filed in this court on the same day (*see* doc. 1).

## II.    DISCUSSION

Hubbell moves to dismiss Mr. Rancher's claims of color and sex discrimination for failure to exhaust administrative remedies, and to dismiss his

4

claims of race and age discrimination and retaliation for failure to state a claim. (Doc. 31 at 4–9). The court will address each issue in turn.

1.  Administrative Exhaustion

Before filing a Title VII action, "a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280. This requirement exists because the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* at 1279. But "the scope of an EEOC complaint should not be strictly interpreted." *Id.* at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). A judicial complaint "may encompass any kind of discrimination like or related to allegations contained in the charge." *Sanchez*, 431 F.2d at 465.

Mr. Rancher's EEOC charge alleged only race discrimination and retaliation and did not expressly mention sex or color discrimination. (Doc. 1 at 15–17). But it did set out the same facts as alleged in his judicial complaint, and an EEOC investigation of those facts could have encompassed a claim for color or sex discrimination. (*See id.* at 5, 15–17). In *Gregory*, the plaintiff filed an EEOC charge

alleging only race and gender discrimination, but then filed a judicial complaint adding a retaliation claim based on the same facts.  355 F.3d at 1278–79.  The Eleventh Circuit concluded that the retaliation claim "was like or related to" the allegation in the charge because the facts underlying the retaliation claim were "inextricably intertwined with her complaints of race and sex discrimination."  *Id.* The Court concluded that the plaintiff's charge "stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation," even though, when the plaintiff filed her charge, she believed only race and sex discrimination motivated the employment action.  *Id.* at 1280.

Likewise here, Mr. Rancher's EEOC charge set out all the same facts that he relies on in his judicial complaint.  Even though his charge did not expressly mention color or sex discrimination, he complained of an African American female being promoted over him.  (Doc. 1 at 15).  An EEOC investigation could reasonably be expected to encompass a claim for color or sex discrimination based on the facts alleged in the charge, so Mr. Rancher administratively exhausted those claims.  Hubbell offers no other reason to dismiss Mr. Rancher's color and sex discrimination claims, so the court **DENIES** its motion to dismiss Mr. Rancher's color and sex discrimination claims.

2.  <u>Failure to State a Claim</u>

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'"  *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although Hubbell's motion seeks to dismiss Mr. Rancher's retaliation claims for failure to state a claim, it offers no argument in support of dismissal of those claims, instead focusing its merits arguments solely on the age and race discrimination claims.  (*See* Doc. 31 at 8–9).  Accordingly, the court **DENIES** the motion to dismiss Mr. Rancher's retaliation claims.

Hubbell argues that Mr. Rancher fails to state a claim for race or age discrimination because he has not alleged facts that, if true, would establish a *prima facie* case of discrimination under the test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  (Doc. 31 at 7–9).  However, a plaintiff "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case.  This is because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d

1239, 1246 (11th Cir. 2015) (quotation marks omitted).  The court cannot dismiss Mr. Rancher's claims on that basis.

Hubbell also argues that Mr. Rancher has not alleged any facts from which a factfinder could infer that race or age discrimination motivated the failure to promote him.  (Doc. 31 at 8). But Mr. Rancher alleged that although he had more experience and seniority, Hubbell promoted a younger worker.  (Doc. 1 at 5, 11, 15).  At the dismissal stage, that is enough to support an inference of age discrimination.  It is not, however, enough to support an inference of race discrimination.  Accordingly, the court **GRANTS** the motion to dismiss the race discrimination claim with respect to the failure to promote Mr. Rancher, but **DENIES** the motion to dismiss the age discrimination claim arising from the failure to promote.

Hubbell next argues that Mr. Rancher has not alleged any facts indicating that race or age motivated Mr. Rancher's demotion.  (Doc. 31 at 8).  The court agrees. Mr. Rancher alleges that, after his training was completed, a white supervisor refused to help him, cursed at him, and eventually accused him of failing to do his job.  (Doc. 1 at 5, 15).  Although these facts, taken as true, indicate that the supervisor treated Mr. Rancher poorly, they do not support any inference of race or age discrimination.  *See, e.g.*, *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1317 (11th Cir. 1994) ("Title VII simply does not require employers to treat their

employees with kindness."). Accordingly, the court **GRANTS** the motion to dismiss Mr. Rancher's claim that Hubbell demoted him based on race or age discrimination.

With respect to Mr. Rancher's termination, Hubbell contends that Mr. Rancher failed to allege what he was falsely accused of doing. (Doc. 31 at 8). But Mr. Rancher explained that he was falsely accused of sexual harassment after a conversation in which he told two workers that he did not have a "side chick." (Doc. 1 at 5, 17). Hubbell also argues that Mr. Rancher failed to allege facts indicating that the false accusation related to race or age discrimination. (Doc. 31 at 8). Here, the court agrees. Although Mr. Rancher alleged that Hubbell falsely accused him of sexual harassment, he has not alleged any facts from which a factfinder could infer that Hubbell made the false accusation because of race or age discrimination. *See, e.g.*, *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266–67 (11th Cir. 2010) (quoting *Wallace v. SMV Pneumatics, Inc.*, 103 F.3d 1384, 1399 (7th Cir. 1997) for the proposition that "embarrassing but non-actionable" employment decisions under Title VII include "nepotism, personal friendship, the plaintiff's being a perceived threat to his superior, a mistaken evaluation, the plaintiff's being a whistleblower, the employer's antipathy to irrelevant but not statutorily protected personal characteristics, a superior officer's desire to shift blame to a hapless subordinate or even an invidious factor but not one outlawed by the statute under which the plaintiff is suing") (alteration and quotation marks omitted). Accordingly, the court

**GRANTS** the motion to dismiss Mr. Rancher's race and age discrimination claims relating to his termination.

### III.   CONCLUSION

The court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.   The court **DENIES** the motion to dismiss Mr. Rancher's color discrimination claims, his sex discrimination claims, his retaliation claims, and his age discrimination claim relating to the failure to promote him.  The court **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** Mr. Rancher's claims of (1) race discrimination relating to the failure to promote him, and (2) race and age discrimination relating to his demotion and his termination.

**DONE** and **ORDERED** this August 27, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE