### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD RANCHER,** ] | |
| ] | |
|    **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Civ. No.: 2:20-cv-01983-ACA** |
| ] | |
| **HUBBELL POWER SYSTEMS, et. al,** ] | |
| ] | |
|    **Defendant.** ] | |

### MEMORANDUM OPINION

Before the court is Defendant Hubbell Power Systems' ("Hubbell") motion to dismiss Counts Two and Three of the amended complaint. (Doc. 56).

Plaintiff Edward Rancher, proceeding *pro se*, filed an initial complaint in this case alleging that Hubbell violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), by failing to promote him, demoting him, and ultimately terminating him based on race, color, sex, and age discrimination, as well as in retaliation for grievances he filed. (Doc. 1 at 1–4, 11, 17). This court dismissed without prejudice Mr. Rancher's claims of (1) race discrimination for failing to promote him, demoting him, and terminating him and

(2) age discrimination for demoting him and terminating him. (Doc. 38). But the court permitted the rest of Mr. Rancher's claims to proceed. (*Id.*).

Mr. Rancher then obtained counsel, who moved to amend the complaint, representing that the motion was unopposed. (Doc. 53). In light of Hubbell's apparent consent to the amendment, the court granted the motion to amend. (Doc. 54); *see also* Fed. R. Civ. P. 15(a)(2). Mr. Rancher's amended complaint is confusingly organized, but asserts the following claims:

(1) Count One

    a. Age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), arising from Hubbell's failure to promote him

    b. Sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), arising from Hubbell's failure to promote him

(2) Count Two

    a. Color discrimination, in violation of Title VII, arising from his demotion, suspension, and termination

    b. Color discrimination, in violation of 42 U.S.C. § 1981, arising from his demotion, suspension, and termination

    c. Race discrimination, in violation of Title VII, arising from his demotion, suspension, and termination

    d. Race discrimination, in violation of § 1981, arising from his demotion, suspension, and termination

    e. Retaliation, in violation of Title VII, arising from his demotion[1]

---

[1] Count Two appears to assert Title VII and § 1981 retaliation claims arising from Mr. Rancher's demotion, suspension, and termination. (*See* doc. 55 at 6). However, Count Three also asserts Title VII and § 1981 retaliation claims arising from Mr. Rancher's suspension and termination. (*Id.* at 8). The claims in Count Two and Count Three arise out of the same facts. (*See generally id.* at 6–9). Accordingly, to avoid reading duplicative claims into the complaint,

      f. Retaliation, in violation of § 1981, arising from his demotion

(3) Count Three

      a. Retaliation, in violation of Title VII, by suspending and terminating him

      b. Retaliation, in violation of § 1981, by suspending and terminating him

Hubbell has now moved to dismiss the race discrimination claims asserted in Count Two on the ground that Mr. Rancher misrepresented its lack of opposition to that part of the amendment and, alternatively, to dismiss Counts Two and Three for failure to state a claim. (Doc. 56).

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Hubbell's motion to dismiss. The court declines to dismiss any claims as a sanction because, although Mr. Rancher's attorney misrepresented Hubbell's lack of opposition to the amendment, the court cannot find that the misrepresentation was done in bad faith. The court **WILL GRANT** the motion to dismiss the part of Count Two alleging race and color discrimination claims under Title VII and § 1981 because the amended complaint does not set out any specific factual allegations supporting a reasonable inference that Hubbell's adverse employment actions were based on race or color discrimination. The court also **WILL GRANT** the motion to dismiss the part of Count Three alleging that Hubbell retaliated against him, in violation of § 1981, by

---

the court construes Count Two's retaliation claims to arise only from Mr. Rancher's demotion, and Count Three's retaliation claims to arise only from Mr. Rancher's suspension and termination.

3

suspending and terminating him based on a pre-promotion grievance. However, the court **WILL DENY** Hubbell's motions to dismiss the rest of Counts Two and Three.

## I. BACKGROUND AND PROCEDURAL HISTORY

At this stage, the court must accept as true the factual allegations in the amended complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court does not, however, consider any allegations outside those made in the amended complaint—including those made in the initial complaint if the amended complaint does not repeat them. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

Mr. Rancher, an African American man, began working for Hubbell in 2011 as a forklift driver. (Doc. 55 at 3 ¶ 9). In February 2020, Hubbell posted an opening for a "lead position." (*Id.* at 3 ¶ 9). Although Mr. Rancher—who was 52 years old—was qualified for the position, Hubbell elected a younger, less qualified woman instead. (*Id.* at 3–5 ¶¶ 7–13). Mr. Rancher filed a grievance about the selection of a younger, less qualified female employee. (*Id.* at 4–5 ¶ 13). In May 2020, Mr. Rancher was promoted to a lead position. (*Id.* at 6 ¶ 21).

4

At some point after his promotion, Mr. Rancher complained about the lack of training he received from a white employee. (Doc. 55 at 6 ¶ 23). In late July 2020, Hubbell removed Mr. Rancher from the lead position and demoted him "for alleged poor performance." (*Id.* at 6 ¶¶ 22–23).

In August 2020, Hubbell suspended Mr. Rancher for sexual harassment without telling him "how or who he allegedly sexually harassed" or giving him "any details about the alleged incident." (Doc. 55 at 7 ¶ 24). Three days later, Hubbell terminated Mr. Rancher's employment. (*Id.* at 7 ¶ 24). But Hubbell did not suspend or terminate white employees who had been accused of sexual harassment of African American employees. (*Id.* at 7 ¶ 25).

Mr. Rancher initially filed a *pro se* complaint alleging retaliation and race, color, sex, and age discrimination, in violation of Title VII and the ADEA, arising from Hubbell's failure to promote him, his demotion, and his termination. (Doc. 1 at 1–4, 11, 17; *see* doc. 38 at 1). Hubbell moved to dismiss the complaint for failure to state a claim (doc. 31), which the court granted in part, dismissing without prejudice Mr. Rancher's claims of (1) race discrimination arising from the failure to promote and (2) race and age discrimination arising from the demotion and termination. (*Id.* at 10).

After the court entered its ruling on the motion to dismiss, Mr. Rancher obtained counsel who entered an appearance. (Doc. 51). At some point,

5

Mr. Rancher's attorney discussed with Hubbell's attorney the possibility of amending the complaint. (*See* doc. 56-1). Hubbell's attorney informed Mr. Rancher's attorney that Hubbell did not oppose amendment "so long as the claims that were already dismissed are not added back in." (Doc. 56-1).

Mr. Rancher then moved to amend the complaint. (Doc. 53). The motion indicated that the court's dismissal without prejudice "allow[ed] Plaintiff the right to refile those claims" and that "Defendant indicated that it does not oppose this requested Motion to Amend." (*Id.* at 1–2). Because Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading "with the opposing party's written consent," the court granted the motion to amend without addressing whether justice required permitting the amendment. (Doc. 54); *see* Fed. R. Civ. P. 15(a)(2).

Mr. Rancher filed the amended complaint on February 11, 2022. (Doc. 55). Aside from reiterating most of the facts from the initial complaint, the amended complaint also reasserted the Title VII race discrimination claims arising from Mr. Rancher's demotion and termination. (*Compare* doc. 55 *with* doc. 1). In addition, the amended complaint added Title VII race discrimination, color discrimination, and retaliation claims arising from Mr. Rancher's suspension, as well as § 1981 race and retaliation claims arising from Mr. Rancher's demotion, suspension, and termination. (Doc. 55 at 6–9).

After Mr. Rancher filed the amended complaint, Hubbell's attorney emailed Mr. Rancher's attorney, pointing out that "the previously dismissed race claims were reasserted in the amended complaint." (Doc. 61 at 12). Mr. Rancher's attorney responded that the court's earlier dismissal was without prejudice and invited Mr. Rancher's attorney to discuss the matter further. (*Id.*). It appears the attorneys did discuss the issue further (*see* doc. 56 at 1), but the court does not know the content of those discussions.

**II.   DISCUSSION**

Hubbell moves to dismiss all "race related claims that have already been dismissed and were reasserted without Defendant's consent," on the ground that Mr. Rancher misrepresented Hubbell's consent to adding those claims into the amended complaint. (Doc. 56 at 3–4). Alternatively, Hubbell seeks dismissal of Counts Two and Three for failure to state a claim. (Doc. 56).

1. Dismissal as a Sanction

Hubbell first seeks dismissal of parts of Counts Two based on Mr. Rancher's attorney's misrepresentation to the court about the opposition to Mr. Rancher's motion to amend. (Doc. 56 at 2–4). In response, Mr. Rancher argues his attorney did not misrepresent anything because "Defendant's position was that it did not oppose an amended complaint so long as claims previously dismissed were not included in the amended complaint. Plaintiff's race discrimination claims regarding

7

demotion and termination were dismissed by the court **WITHOUT PREJUDICE**, thereby allowing Plaintiff to replead them." (Doc. 61 at 5).

Mr. Rancher's counsel appears to believe that a dismissal without prejudice is not a dismissal. (*See* doc. 61 at 5). As a result, when defense counsel told plaintiff's counsel that Hubbell did not oppose amendment "so long as the claims that were already dismissed are not added back in" (doc. 56-1), plaintiff's counsel apparently believed that meant defense counsel did not oppose the amendment (doc. 61 at 5). This position is difficult to understand. A dismissal without prejudice is still a dismissal, even if it leaves open the door to repleading. And it is clear from defense counsel's email that Hubbell opposed any amendment repleading the claims the court had dismissed. (*See* doc. 56-1). Given Hubbell's opposition, plaintiff's counsel's representation to the court that the amendment was unopposed was a misrepresentation. Instead, Mr. Rancher should have marked the motion as partially opposed, which would have prompted this court to elicit Hubbell's objections to the amendment, followed by a determination about whether justice required permitting Mr. Rancher to amend. *See* Fed. R. Civ. P. 15(a)(2).

However, Hubbell has offered nothing more than a sentence arguing that Mr. Rancher's misrepresentation warrants the dismissal of the race discrimination claims asserted in Count Two. (Doc. 56 at 3–4). Presumably, Hubbell seeks the dismissal as a sanction under Federal Rule of Civil Procedure 11 or the court's

inherent power. *See* Fed. R. Civ. P. 11(c); *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021).

To the extent Hubbell seeks dismissal under Rule 11, it has not complied with all the procedural requirements under that rule, which requires, among other things, that "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Hubbell's motion also seeks dismissal under the alternative ground that Counts Two and Three fail to state a claim. (*See* doc. 56 at 4–10). The motion therefore cannot properly request Rule 11 sanctions.

Hubbell may also be seeking dismissal under the court's inherent power. The court has the inherent authority to sanction a litigant or his attorney. *Johnson*, 9 F.4th at 1314. Unlike Rule 11 sanctions, however, the court cannot sanction a party using its inherent power absent a finding of subjective bad faith. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 & n.4 (11th Cir. 2017); *see also Johnson*, 9 F.4th at 1314 (requiring a court to find that the party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" before the court can impose inherent-authority sanctions). It is not clear to the court that Mr. Rancher's misrepresentation—which appears to be based on a fundamental misunderstanding of the word "dismissal"—was done in subjective bad faith. Accordingly, the court **WILL DENY** the request to dismiss Mr. Rancher's race discrimination claims based on counsel's misrepresentation to the court.

2. Failure to State a Claim

Hubbell also seeks dismissal of Counts Two and Three for failure to state a claim, under Rule 12(b)(6). (Doc. 56 at 4–10). "To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Title VII prohibits an employer from discriminating against a person based on, among other things, race or color. 42 U.S.C. § 2000e-2(a)(1). And § 1981 prohibits intentional discrimination "in private employment on the basis of race." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 459–60 (1975). In general, discrimination claims brought under Title VII and § 1981 "are subject to the same standards of proof and employ the same analytical framework." *See Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009). To state an employment discrimination claim, the plaintiff must plead "enough factual content to allow court to draw the reasonable inference that [the defendant] is liable for the intentional . . . discrimination alleged." *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt.*

*Sols.*, 852 F.3d 1018, 1023 (11th Cir. 2016) (quotation marks and alternations omitted).

Title VII also prohibits employers from retaliating against an employee because the employee opposed an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). Similarly, § 1981 "encompasses claims of retaliation" arising from race discrimination. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Again, for purposes of this motion, the same standards govern the Title VII and § 1981 retaliation claims. *Bryant*, 575 F.3d at 1307–08. To establish opposition to an unlawful employment practice, the plaintiff must allege facts showing that he took some action based on "a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (quotation marks omitted). The practice opposed by the employee need not actually be unlawful as long as the employee subjectively believed it was unlawful and the "belief was objectively reasonable in light of the facts and record present." *Id.* (quotation marks and emphasis omitted).

    *i.*    *Count Two*

In Count Two, Mr. Rancher asserts a number of claims. (*See* doc. 55 at 6–8). For ease of analysis, the court will address each related group of claims before moving to the next.

First, Mr. Rancher alleges color and race discrimination, in violation of Title VII and § 1981, based on his demotion, suspension, and termination. (Doc. 55 at 6–8). Hubbell contends that these claims fail because Mr. Rancher fails to allege any facts supporting an inference that race or color discrimination caused the demotion, suspension, or termination.[2] (Doc. 56 at 5–6). The court agrees.

The only race-related allegations made in Mr. Rancher's amended complaint relate to a complaint Mr. Rancher made about the lack of training he received from a white employee. (*See* doc. 55 at 6 ¶ 23). As the court explained in ruling on Hubbell's first motion to dismiss, this fact alone cannot support a reasonable inference that race motivated any of the adverse employment actions. (*See* doc. 38 at 8–9). It also cannot reasonably support an inference that color motivated the adverse employment actions. Accordingly, the court **WILL GRANT** the motion to dismiss Mr. Rancher's race and color discrimination claims asserted in Count Two.

---

[2] Hubbell also argues that the § 1981 claims fail because Mr. Rancher's assertion of two motivations for the adverse employment actions—discrimination and retaliation—means he cannot satisfy the requirement under § 1981 that plaintiffs establish but-for causation. (Doc. 56 at 7). Hubbell contends that Mr. Rancher's claim presents a "mixed-motive"—also known as "motivating factor"—theory of liability, which is permitted under Title VII but not under § 1981. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,* 140 S. Ct. 1009, 1019 (2020); *Mabra v. United Food & Com. Workers Loc. Union No. 1996*, 176 F.3d 1357, 1357–58 (11th Cir. 1999). However, this court is required to construe the complaint "so as to do justice," Fed. R. Civ. P. 8(e), and plaintiffs are permitted to "set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones," Fed. R. Civ. P. 8(d)(2). The court construes Count Two to assert in the alternative that either discrimination or retaliation caused Hubbell to take its adverse employment actions against Mr. Rancher.

Next, Mr. Rancher alleges retaliation, in violation of Title VII and § 1981, based on his demotion. (Doc. 55 at 6–8). Hubbell contends that these claims fail because Mr. Rancher does not allege that he engaged in any statutorily protected activity. (Doc. 56 at 5).

Mr. Rancher's amended complaint alleges that, at some point after his promotion, he complained about the lack of training he received from a white employee, shortly after which Hubbell demoted him "for alleged poor performance." (Doc. 55 at 6 ¶¶ 22–23). Mr. Rancher does not include any specifics about his complaint, such as whether he complained that the lack of training was due to his race. However, "a complaint . . . does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and Hubbell offers no argument about why it is not reasonable to infer Mr. Rancher complained that the lack of training was race-based. (*See* doc. 56 at 5–6). Hubbell also does not make any argument about whether Mr. Rancher's complaint was based on "a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Howard*, 605 F.3d at 1244. Accordingly, Hubbell has not adequately supported its motion to dismiss the retaliation claims in Count Two and the court **WILL DENY** that part of Hubbell's motion.

      *ii.*    *Count Three*

In Count Three, Mr. Rancher asserts that his suspension and termination after his "prior complaint about not being promoted, subsequently demoted, and eventually terminated" constituted retaliation, in violation of Title VII and § 1981. (Doc. 55 at 9 ¶ 33). Hubbell moves to dismiss these retaliation claims on the ground that Mr. Rancher's complaint about not being promoted related to his age and sex, not his race or color, so that grievance cannot support a claim of race- or color-based retaliation. (Doc. 56 at 8).

As an initial matter, the court agrees with Hubbell that "[t]he allegations contained in the third count are somewhat vague and ambiguous." (Doc. 56). The count is titled "Retaliation Regarding Suspension and Termination." (Doc. 55 at 8). Within the count, Mr. Rancher alleges that the "[r]etaliation is based on Plaintiff's prior complaint about not being promoted, subsequently demoted, and eventually terminated." (*Id.* at 9 ¶ 33). Mr. Rancher's amended complaint alleges two "prior complaint[s]" made by Mr. Rancher, both of which occurred before his demotion, suspension, and termination. The first was his grievance about the alleged age and sex discrimination underlying Hubbell's selection of a younger, less qualified female employee for promotion. (*Id.* at 4–5 ¶ 13). The second was his "complain[t] about John Bernard's (who is a Caucasian) lack of training him in the position" after he belatedly received the promotion. (*Id.* at 6 ¶ 23). Given that both complaints

14

occurred before Mr. Rancher's demotion, it is unclear how retaliation could be "based on Plaintiff's prior complaint about . . . [being] demoted, and eventually terminated." (*Id.* at 9 ¶ 33). The court therefore construes Count Three to allege that the suspension and termination were in retaliation for Mr. Rancher's two pre-demotion complaints.

In short, Mr. Rancher's third count alleges: (1) Mr. Rancher's suspension and termination were retaliation for his pre-promotion grievance about age and sex discrimination and (2) Mr. Rancher's suspension and termination were retaliation for his post-promotion complaint about the lack of training provided by a white employee. Mr. Rancher asserts each of these claims under both Title VII and § 1981. (*See* doc. 55 at 6).

Hubbell is correct that Mr. Rancher's pre-promotion grievance cannot support a § 1981 retaliation claim. Section 1981 protects only against race discrimination and race-based retaliation. *See* 42 U.S.C. § 1981; *Johnson*, 421 U.S. at 459–60; *CBOCS West, Inc.*, 553 U.S. at 457. But Mr. Rancher's pre-promotion grievance alleged sex and age discrimination. (Doc. 55 at 4–5 ¶ 13). Accordingly, the court **WILL GRANT** Hubbell's motion to dismiss Mr. Rancher's claim under § 1981 that Hubbell retaliated against him for his pre-promotion grievance by suspending and terminating him.

15

However, Hubbell's argument about the pre-demotion grievance cannot establish the failure of the other claims asserted in Count Three. Mr. Rancher's other § 1981 claim is that Hubbell retaliated against him for his post-promotion complaint that a white employee failed to adequately train him. That complaint relates to race and therefore might reasonably support a claim for race-based retaliation under § 1981. Hubbell has offered no other argument about why that claim fails. (*See* doc. 56 at 8–10). The court therefore **WILL DENY** the motion to dismiss Mr. Rancher's claim that Hubbell retaliated against him, under § 1981, by suspending and terminating him for his post-promotion complaint about lack of training.

In addition to the § 1981 retaliation claims, Mr. Rancher asserts Title VII retaliation. (Doc. 55 at 8). Unlike § 1981, Title VII allows claims of retaliation arising from non-race characteristics, such as sex. 42 U.S.C. § 2000e-2(a)(1). Mr. Rancher's pre-promotion grievance asserted that Hubbell had discriminated against him based on his sex when it promoted a female employee over him. (Doc. 55 at 4–5 ¶ 13). And his Title VII retaliation claim rests on that grievance as the reason for Hubbell's later suspension and termination of his employment. (*Id.* at 9 ¶ 33). The court cannot dismiss Mr. Rancher's Title VII retaliation claim on the ground that his grievance complained of sex discrimination.

Finally, Hubbell does not address the fact that Mr. Rancher also alleges Title VII retaliation based on his post-promotion complaint that a white employee failed

to adequately train him.  (*See* doc. 56 at 8–9).  Hubbell argues that Mr. Rancher has not alleged that he engaged in any protected activity.  (*Id.* at 9).  But it does not address whether Mr. Rancher's complaint about the lack of training from a white employee constitutes "oppos[ition to] any practice made an unlawful employment practice" under Title VII.  42 U.S.C. § 2000e-3(a).  Hubbell has not adequately supported its motion to dismiss this claim.  Accordingly, the court **WILL DENY** the motion to dismiss Mr. Rancher's Title VII retaliation claims arising from his suspension and termination.

### III.   CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Hubbell's motion to dismiss Counts Two and Three.  The court **WILL GRANT** the motion to dismiss and **WILL DISMISS** the part of Count Two alleging race and color discrimination claims under Title VII and § 1981 **WITHOUT PREJUDICE**.  The court **WILL GRANT** the motion to dismiss and **WILL DISMISS** the part of Count Three alleging that Hubbell retaliated against him, in violation of § 1981, by suspending and terminating him based on his pre-promotion grievance.

Count One and the remaining parts of Counts Two and Three will proceed.  The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this May 17, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

18